UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MONICA CHRISTOPHER** | ) | |
| | ) | Case Number |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| **BONDED CREDIT BUREAU, INC. d/b/a DRS BONDED** | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Monica Christopher, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.      Plaintiff, Monica Christopher, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in the District.

## III. PARTIES

4. Plaintiff, Monica Christopher, is an adult natural person residing at 103 High Point Drive, Mayflower, Arkansas 72106. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Bonded Credit Bureau, Inc. d/b/a DRS Bonded ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt with a registered office at 820 Bear Tavern Road, Trenton, New Jersey and its principal place of business located at 7745 East Kemper Road, Cincinnati OH 45249.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about January 19, 2010, Plaintiff received a call from Defendant's agent, "Michelle", at her place of employment looking for payment on an outstanding debt said to be owed to CitiFinancial Retail Services for around $2,600.00.

8. Plaintiff informed Defendant's agent, "Michelle", that she had retained the services of Persels & Associates to help her resolve her debt issues and that she would need to call and speak with them directly.

9. Defendant's, agent, "Michelle", scolded that Plaintiff telling her it was too late for that, she needed to make arrangements immediately to pay off this debt. Agent, "Michelle", told the Plaintiff that no matter what, she was not going to get away with not paying off this debt.

10. Plaintiff was told by Defendant's agent, "Michelle", that she had not paid enough off on her account and that she had until Friday, January 22, 2010, to make a payment or Defendant would be contacting Ms. Christopher's boss personally to begin the process of garnishing her wages.

11. Plaintiff again asked Defendant's agent, "Michelle", to contact her attorneys' at the law firm of Persels & Associates, but the agent again refused stating that the Defendant would never work with a third party.

12. On or about this same date, January 19, 2010, Persels & Associates sent a letter of cease and desist to the Defendant informing them that they were representing the Plaintiff in matters of settling her unsecured debt and that any further contact in regards to this debt should go solely to their firm.

13. To date the Plaintiff has never received anything in writing from Defendant or their agents in regards to this matter.

14. As of the filing of this complaint, Plaintiff continues to get calls daily from Defendant's agent, "Michelle", at her place of employment looking for payment on this account.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, the conduct of Defendant was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – FDCPA**

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(a)(3) | At place of employment when knows that the employer prohibits such communication |
| §§ 1692c(c) | After written communication that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

| | | |
|---|---|---|
| | §§ 1692e(4) | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment or attachment |
| | §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| | §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| | §§ 1692g | Failure to send a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Bonded Credit Bureau, Inc. d/b/a DRS Bonded, for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: January 27, 2010**       **BY:**        <u>*/s/ Bruce K. Warren*</u>

Bruce K. Warren, Esquire

<u>*/s/ Brent F. Vullings*</u>

Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff